The fourth district appellate court of the state of Illinois has now convened the Honorable John W. Turner presiding. Thank you. Good morning. We are here on case number 4210374. That's entitled people versus Robert A. Page, counsel for the appellant. Would you please identify yourself for the record? Yes. Good morning. My name is Stephanie from the Office of the State Appellate Defender on behalf of Mr. Robert Page. Thank you. And for the appellee. My name is Linda McClain. I represent the appellate prosecutor's office. Thank you, Miss Quinta. You may proceed with your argument. Yes. May please the court counsel for today's argument, I will be focusing on issues one and two, but I'm happy to answer any questions you have on issue three. The issue before the court is whether Mr. Page was denied his right to persist in his guilty plea to a class two aggravated DUI charge. The trial court vacated pages open guilty plea to a class two offense after plea counsel asked for clarification. If page had been admonished that the offense was probationable. The vacator of the plea gave the state a second bite of the apple to correct it. It's mistake and properly charged page with a class one aggravated DUI, or at the very least was an abuse of the court did not have a basis to vacate Mr. pages original plea. Good morning. Good morning. I have a question I'd like to ask you. We from a Supreme Court case many years ago 1951 people versus him Caskey, that a judge can vacate a plea sui sponte, where it's obvious that a defendant has been misinformed as to his or her rights. So here, before the defendant's open guilty plea to count one, the court incorrectly told defendant he was eligible for probation. So why is this not a textbook example of a defendant being misinformed as to his rights? Your Honor, this is not a textbook example of the hack and see exception applying because it's not obvious from the record that page was misinformed as to whether the class to offense was probationable. And that is because he was advised three times at the arraignment as well as the bond hearing by both the court and the state that the offense was non probationable. So it's the arraignment trial court specifically admonished him that it was a truck as a class two aggravated DUI. And it was non probationable and would be mandatory for page to serve a term in prison. And they say, but I'm sorry, so you're focusing first now at the arraignment. That's what you're at the totality of the circumstances, right? The record as a whole establishes that it is unclear that it was obvious that page was misinformed, where he had prior knowledge by both the court and the state that the offense was non probationable. I'm going to focus first on this first part, and I'll then I'll let you this arraignment. However, the defendant left the jurisdiction was gone for a period of time was not back in the jurisdiction until 2020. At that time, he suffered from a substance abuse induced psychosis. So how under those circumstances, can we be confident that the that he was a knowing involuntary plea that was entered? Your Honor, I believe, so he was on probation, when he was arrested for this current offense. But he was arraigned, I believe he was arraigned closer in time before, after he was arrested for this offense. And, you know, so and he was repeated three times, he was also found fit. After his parents psychosis break, or, you know, after he was BCX, he was found fit. And he also had conversations with with the with his attorney and prior contacts with the court, which would have put him on notice that he was not eligible for probation. Moreover, if we look at the post trial motion, the motion to make a guilty plea, he didn't mention that his plea was involuntary or unknowingly due to the improper admonishments regarding the probation. Instead, he argued that he was moving to vacate his plea because he was unable to assist plea counsel during the proceedings due to his physical and mental well being and state of mind. Therefore, the record is unclear that it is, you know, that page was misinformed as to whether the offense was probationable. And although we are aware that the the decision in Davis does not apply the hack and see exception, we think it's still relevant to this court's analysis as to whether Mr. Page was aware that the offense was non probationable. Again, in Davis, there was no indication in the record that the defendant was aware that he was eligible for task probation or conditional discharge here, the record clearly shows three times he was told, you know, at the arraignment, I was going to ask you to follow up on the other two, the second time you say in the record, it shows that he was arraigned that it was non probationable. Well, yes, it was in the bond hearing. The state mentioned that this was his fourth UI and the charge and the charge was non probationable at least twice. I think this is on said that the offense was non probationable. So while the court misspoke at the time that Mr. Page pled guilty, Mr. Page was already informed or was aware that it was non probationable. Council did not the information on its face, say that it was a non probationable class two salary. I believe so, Your Honor. Yes. However, then the indictment did not include that language, did it? Um, I believe true bill, I mean, the true bill, correct. There was some mistake in the true bill as to the the charge. But he had all that information given and, and he had an attorney to advise him of that. Therefore, we maintain that the record was, was not clear, you know, that he did not know that the offense was on probationable. Nor does the other hack and see exception apply that the state argued, which was whether the court had good reason to doubt the truth of the plea. And instructive here are the decisions and Cabrera and gains where the court properly terminated the plea proceedings because they did have good reason to doubt the plea. And Cabrera, the defendant asserted his innocence after pleading guilty, but before sentencing, and gains, the defendant reputed did repudiated the factual basis of the plea. Here page didn't do any of that. He didn't assert his innocence, or repudiate the factual basis of the claim. He merely asked for the court to verify if he had been admonished that the class two offense was probationable. And again, counsel, why in the world didn't his defense attorney, just ask the trial court if they could proceed with the plea agreement. After he was properly admonished, I don't understand what counsel was thinking. Correct. That's why I believe that's the reason that Mr. Page fired and you counsel and raise the counsel's ineffectiveness because he could have easily moved to ask the court to read Monash page and ask page if he would want if he desired to persist with the guilty plea. Well, he could have actually just said nothing and proceeded with sentencing. Correct. Yes. And that's why we've argued also ineffective assistance of counsel of the original plea counselor for failing to, you know, properly understand the law of the post plea of the plea and of knowing what to say or whether to object once the court already made its decision to withdraw the guilty plea. But again, going back to this first part of the argument we were talking about, so intention that notwithstanding the court's misinformation, the court at the time the discretion as to what it could do, that is, it couldn't vacate the plea that was entered because it had misinformed the defendant. Isn't that exactly what the Supreme Court tells us the trial court has discretion to do where it's obvious that he was misinformed here. It wasn't obvious. And it's a minor admonishment, a minor admonishment that when defendants moved to vacate their guilty plea rarely gets granted as a ground because it's only rule 402 only requires substantial compliance and and Mr. Page never faced probation. He knew probation was off the table. I mean, he ultimately got 10 years as a sentence. So it really didn't come to play in the calculus when he was pleading guilty. Again, if this was a case where as in Davis where the state nor the court had ever brought to pages attention that it was non probationable, we would not be raising this issue on appeal, we would say yes, this is textbook how can see the trial court had a basis to vacate the plea. There's nothing we can do. But because of this discrepancy in the record, it's, it's just not enough under hack and say to say it's was obvious that page was misinformed. Well, counsel, you seem to clearly acknowledge the exception. But this is not the noble review. I mean, this is you said something like clearly apparent apparent to who clearly, the court was in the best position to make this determination is allowed to do so by this exception and made that determination. How do we sort of get there and follow your argument and find there's a piece of discretion, a piece of discretion, because although the court was aware of the law, it misapplied the law. And, you know, and it's something that also if the council had brought to the court's attention and explain the hack and see exceptions and the why the record wasn't obvious, it could have been corrected at that time. So it's an abusive description for not properly applying the Supreme Court law in this case. But isn't the ultimate question as to whether or not the court was itself potentially confused, and more importantly, defendant was confused, and it's for the court to determine whether or not there was confusion. You know, within the case. Correct, but that the court didn't even do that, like he did not verify if Mr. page was confused or not. I know the state says that there's no duty to do that when the court tries to vacate when you know, so as Fonte vacates the plea. But given that Mr. page didn't specifically say I want to withdraw my guilty plea or even express confusion, he just said I want to verify the court could have easily asked Mr. page and made a record for us on appeal, whether he was confused or not. And maybe he wasn't, and he would still want to persist with this plea, but that wasn't done. And alternatively, even if if double jeopardy was not triggered, the trial court still, as we said, abused its discretion and Sue is Fonte vacating the guilty plea. You know, again, like the facts that the court misspoke at the court at the plea hearing, it's not itself sufficient to buy. And I'm going to suggest Council we move to your other issue because the time is moving pretty quickly. Sure. As to issue three, pages made a prima facie showing that the state acted vindictively, where it waited until after the vacator of the original plea to file the elevated charge of a class one aggravated DUI, which increased his potential sentence by three to Okay, but now we have to look at the context here, do we not, we are not dealing with, we are dealing with a pretrial setting. So vindictiveness applies really when a defendant exercises a right that he's entitled to under the Constitution or otherwise, and then the state acts. This is not that situation. So we want to explain how vindictiveness applies here and just elaborate on that. I mean, the appellant, you agree, certainly that the facts here don't exactly fit in the framework of prosecutorial vindictiveness, you you talk about the presumption, but let me just follow up. I know I'm asking a couple of questions at this time, but it's an important issue. Aren't the cases that you relied on completely distinguishable, really, for the reasons that I just gave that state filed new and enhanced charges in those cases, after the defendant successfully challenged a conviction either on appeal or otherwise. So go ahead and respond. I've done a lot of talking and asked you a couple different questions. Uh oh, we have a problem. I think she's frozen for a minute. Hopefully, it's still frozen. No, no, it's not. I think. Okay. You can hear me. Yeah, we're you but the frame seems frozen, but we can still entertain your argument. I can get started again. Is that better? Well, just go ahead and start talking and we can. Sure, instructive here. All right, we've, I think, having technical difficulties. So instructive here is Braxton. The decision in Braxton with the appellate court held that a guilty plea is a conviction. Therefore, the presumption of proxy control vindictiveness would apply. And like Braxton Page had his plea vacated, the record actually shows that the court may have interpreted the plea counsel's inquiry as a motion to vacate the plea. It's on page 58, where the court said, I'm going to allow your client to withdraw his plea of guilty at this point. And so just like Braxton, page successfully vacated his guilty plea. And like Braxton, the state filed the class one ad DUI after the vacate or the plea and no substantial changes occurred to justify the filing, you know, it's the same underlying conduct. And due diligence should have alerted the state that this was a page is 50 since they did generate a lease report. But counsel, how is negligence? Let's say the state should have known. But that's negligence. That's not vindictiveness. And this is not like Braxton. Is it I mean, in in Braxton, we had the same set of facts. And the state chose once the there's an additional fact of an a 1985 DUI conviction that the state was not aware of, even if they should have been aware of it. So it seems to me Braxton is distinguishable. We maintain your honor that Braxton is indistinguishable because it's still nothing changed in between the conduct is the same. And there was nothing you know, there's more more. Also, similar to Braxton page had no notice that he could face a class one ad DUI. And also the filing of the charges were encountered as 605 D. I mean, the only charges that could have been reinstated once the class to add DUI plea was vacated, or any charges that were dismissed. The class one was never dismissed because it was never originally filed. Therefore, you know, he was penalized justice in Braxton, and now faces now faced and ultimately was sentenced to a longer sentence, which was the 10 years. So I want to come back to your ineffective assistance. Am I right that if counsel at the sentencing hearing had simply said nothing, the maximum defendant could have received was seven years? Is that right? Yes, Your Honor. But instead, because of counsel's opening this issue up, and then not asking that the trial court allow the plea to proceed defendant end up getting 10 years. Is that right? Three more years than what the maximum would have been? Correct, Your Honor. Why isn't your focus then on the ineffective assistance of counsel? Could there have been any strategy for counsel doing what he did at the sentencing hearing? I'm for strategy purposes. I mean, I believe, you know, there's not enough in the record to know why he did what he did. But we did raise ineffective assistance as part of the you know, the weather, you know, this was properly preserved for the issue. But, again, and it was because post plea counsel raised counsel's ineffectiveness for failing to object or, you know, doing anything at the time that the plea was originally vacated. Well, my point is he would not even had to have objected. All he had to do is proceed with the the attorney for the state about this as well. So go ahead. Okay, Your Honor. And again, we would argue that the fact that nothing changed, there was no notice, nothing justified the raising the filing of the new charge or the elevated charge after the plea was vacated. Again, there was a bond hearing, there was ample time to do discovery. And it looks like different reports were generated with pages criminal history that, you know, the state should have brought that attention to the court and thus to page before waiting in class when it was vacated. Go ahead, Justice. Go ahead, Justice. Thank you. You said the defendant had no notice, but the state indicated immediately after the vacating of the plea that they wanted the matter that they were going to file the new charges. And indeed, the defendant pled guilty to the new charge. So I'm not sure where the no notice comes from. The notice is prior to that prior to the state's indication that they were going to file new charges. He had like, so from the time he was arrested and originally charged with the class two, and when he pled guilty to the class two, he had no notice that he could potentially face the class one, given what was represented to him and what was in the indictment. That's where the no notice comes in. And it's part of the calculus that must be considered when determining a prosecutorial vindictiveness claim or whether there's a showing a prima facie showing of that. So that's where you're out of time, but you'll have rebuttal. Sure. Thank you, Your Honor. Ms. McClain, you may proceed with your argument. May please the court counsel. I think an important point to make is that several cases have held that it is not enough that the trial court admonishes defendant at the time of an earlier arraignment as to the minimum and maximum sentence applicable. Substantial compliance with 402 may not be found from admonishments given at proceedings prior to the guilty plea hearing. I think in this case, the fact that defendant may have been correctly admonished that the offense was nonprobationable seven months prior to the plea at the arraignment bond hearing on August 6, 2019 is not sufficient to make his plea knowing seven months later on March 10, 2020. That is my primary argument as to issue one. If you would be kind enough to respond to opposing counsel's argument that this was really just a minor flaw in the admonishments that the court told him originally that he was in the guilty plea hearing, he was told it was nonprobationable and that's a major violation of Davis and rule 402. And the court in this case had discretion and sua sponte withdrew the guilty plea under Hankiski, where it was obvious that defendant had this misinformed as to his rights. I think in Gaines, the court rejected a narrow interpretation of Hankiski exceptions. And in this case, the trial court was fully justified in sua sponte withdrawing that plea under Hankiski and Gaines. And I think counsel's argument is that the fact that defendant actually originally had been correctly admonished actually limited that the trial court then supplied Hankiski by thinking it had to withdraw the plea or it had the right to discretion to, I'm sorry, that it had the discretion to withdraw the plea. She's relying on an arraignment bond hearing that was seven months earlier. It was the arraignment and the bond hearing were held the same day right after one another, where in that hearing defendant was correctly admonished that it was non-probationable. However, that was not sufficient to make his guilty plea knowing and involuntary seven months later. So the court in this case was fully justified and did not abuse its discretion in withdrawing that guilty plea under Hankiski. Counsel, obviously you've listened to my questions about the ineffective assistance of counsel. So I have some concerns there. What would be your response to my question? What in the world was counsel doing by bringing up this issue and then after having done so, not asking the trial court to allow them to proceed with the plea agreement that had already been presented to the court, as long as a proper admonishment was given that it was non-probation? In this case, at sentencing, defense counsel pointed out that the pre-sentence report showed the case was probationable. And at that point, the court, you know, said everyone agrees here that the way the offense was charged and to what defendant pled guilty, the offense is non-probationable. So the court was not going to give him probation. So... Right, that's my point. So defense counsel should have said, we understand that your honor, it's non-probationable. We want to proceed with the plea agreement. That way you only get sentenced on a class two instead of on a class one. What counsel did was double his exposure instead of being subject to seven years, now subject to 15 based upon counsel's conduct. How is that not ineffectiveness? I don't think that there was any... Counsel could not have anticipated that the state was going to say, oh, I'm going to amend the charge. The state informed at that very hearing defendant's counsel that they were going to amend the charge and file in a class one instead of a class two. Defense counsel should have spoken up then and said, we want to proceed with the plea agreement. Why am I wrong on that? The plea agreement was not valid because the 402 was incorrect. So... No, I'm saying your honor is what the defense counsel should have said. Please give the proper admonition. He is subject. He must go to DOC. It's non-probationable. Now that it's proceeding with the sentencing hearing. Why didn't counsel do that? And how was it not ineffective for counsel not doing that? Even if counsel had said that, the court still could have sua sponte withdrawn the plea. So... It could have, but it would have been an abuse of I noticed you say in your brief on page 22, defendant cannot demonstrate prejudice. There's no reasonable probability the court would not have allowed the sentencing to proceed if the proper admonition was given. What is your rationale for making that argument? No reasonable probability. I think it's highly probable the court would have allowed the protected the interest of the defendant and would have prohibited a windfall. You cited the case of in your brief, people versus Snyder. And that's basically, that's a Illinois Supreme Court case. That's basically what it says. In fact, I'll read it to you. I've got it in front of me. Allowing a defendant a fresh opportunity to decide whether to plead guilty with full knowledge of the possible consequences adequately protects her rights, the defendant's rights, and avoids awarding a windfall due to the trial court's error. Doesn't that language suggest to you that we have ineffective assistance of counsel here? I don't think that the court had to give him a second chance to plead. I think the key is that the court didn't have to. The court used to make a mistake and you can't have a second chance because I made a mistake. Now I'm going to exercise my discretion so you don't get a second chance. Now you're going to face a class one felony. I'm not buying that. You can proceed on, but I have a real problem with that. Would the state have been bound to go ahead and under those circumstances that Justice Turner was talking about and continue with the agreement? Could they have withdrawn their offer at that point that they had made? I mean, would they have been bound to go ahead and let the defendant proceed to sentencing under those circumstances, do you think? Knowing something that they didn't know before or that they may have negligently overlooked? I am not positive on that. If you would like me to look brief that issue? Well, let me come in. I'm sorry, Justice Turner, go ahead. Just because the defendant had four priors doesn't mean the state had to charge that defendant had four priors. It may have wanted to charge that he only had two or three or one, right? It's up to the state to determine what charges to bring. Am I right? Yes. Okay. Proceeding under the way it was charged and the way it was pled would not have been in violation of any law. It wouldn't have been contrary to the sentencing provisions because that's the way the state charged it. Isn't that right? Isn't it true that defendant gets notice if it's going to be a second offense or a third offense or a fourth offense? It's not an element, but the defendant has to have notice. Am I right about that? Yes. All right. I've asked a lot of questions. Please proceed. Well, the state still stands on its argument. And as for issue two, the state's charging defendant with a class one aggravated driving under the influence did not constitute prosecutorial vindictiveness. It's pretty clear from the record and the court found below that the state did not aware of the fourth prior DUI until it learned it from the pre-sentence report. Let me ask you a question about that, counsel. Was there a PSA, PSI in case number 16 CF42? Is that the... That's where he was placed on probation. I am not positive on that one. I couldn't find it in the record, so maybe it's not there, but I'm just curious. I would have thought there would have been a PSI in 16 CF42 and this information may have been available even back then. But anyway, let's proceed. Yeah. I think it was not evident in the 2016 driving under the influence case, if that's the probation revocation case. And also I don't think that case was appealed in this case, so maybe that record was not available. I was just thinking there might've been a pre-sentence investigation, but maybe not. Anyway, that is my primary argument. There was no vindictiveness in this case. And also the defendant did not exercise any rights where the state was the one who no processed the charges. So opposing counsel contends that Brexton really is a case that should be followed and applies here. Do you agree? And if not, why not? I think that case is distinguishable where in this case, the state did not know of the prior DUI. And prior to DUI in Brexton, they just added another burglary account. So they were aware of the facts in Brexton and then added the burglary account. And in my case, the state did not know of the prior DUI and then added the additional accounts. So that's why that's distinguishable. Are there any other questions? I don't see any. So thank you. Is there any rebuttal? You have to unmute. Sorry about that. Briefly, your honor. Again, the trial court abused its discretion in vacating the original plea because it was a minor admonishment that he could have easily, they could have easily read monished page about and ask if he persisted. And also counsel was ineffective to allow the trial court to get away with us and give the court, the state a second bite of the apple would open the floodgates to the court, being able to vacate pleas any on its whim to help the state properly charge the defendant with an offense that they should have prior. If you have no additional questions for the purposes and the brief and the arguments today, Mr. Page would ask either to have his plea vacated and the open plea for the class two offense reinstated pursuant to issue one or for his conviction to the class one offense to be vacated pursuant to issue two. Thank you. One follow-up question. Going back to this hand Caskey case, you seem to argue as, as I heard you today, that the trial court had discretion to vacate a guilty plea sui sponte only if the court would be required to grant a defense motion to withdraw the plea under these circumstances. Do you have any case law supporting that limited reading or holding of hand Caskey? No, your honor, because this is a case of pretty much first impression as to minor admonishments. Everything else that we found that we briefed was like Gaines and Cabrera had to deal with whether there was a basis to doubt the truth of the plea. But since the state also cited cases that are deal with the defendant's burden, one is moving to withdraw guilty plea. We thought that that was also persuasive or helpful for the court to determine whether the hand Caskey exception applied in this case. And it's your contention just so I understand it correctly, that this is a minor admonishment. That is that an offense is non probationable or probationable. You call a minor admonishment. Is that how you're labeling it? Correct. Your honor that we're talking about. So they're mandatory. A defendant is mandatorily subject to prison or not. Correct. Correct. Thank you. You're welcome. Your honor. I have no further questions. Justice Cameron, do you have any further questions? Okay, thank you for your arguments to the both of you. The case is submitted and the court now stands in recess.